JOURNAL ENTRY and OPINION
Appellant Victoria L. Cross-Cireddu, pro se, appeals the judgment of the trial court granting appellee David J. Rossi Co., L.P.A. summary judgment on her legal malpractice claim. In her appellate brief, Cross-Cireddu assigns five errors for our review.[1] Rossi did not submit an appellate brief in response to Cross-Cireddu's appeal.
Having reviewed the record and the legal arguments presented in this appeal, we affirm the judgment of the trial court. The apposite facts follow.
On September 9, 1998, Cross-Cireddu pro se, filed a complaint against attorney Rossi for malpractice and misrepresentation. In her complaint Cross-Cireddu made the following allegations:
 1. Plaintiff was involved in a Domestic Relation case # 256295 and hired Defendant, David J. Rossi, to represent her on September 10, 1997.
 2. Plaintiff paid David J. Rossi a partial retainer of $1,500 on that date in consideration for representing her.
 3. Effective upon the receipt of a signed copy of the ATTORNEY FEE AGREEMENT and the retainer fee, defendant became the attorney for the plaintiff.
 4. Defendant, David J. Rossi, then attempted to represent the plaintiff, Victoria L. Cireddu, in a unprofessional, unethical manner so as to inflict great harm to the Plaintiff's Domestic Relations case.
 5. Defendant, David J. Rossi is guilty of willful misrepresentation of a client and malpractice, the particulars of which will be adduced at time of trial.
As relief for her claim, Cross-Cireddu requested, $50,000 in punitive damages, $50,000 in consequential damages, the return of $600 the retainer, attorney's fees, cost, and a formal apology from Rossi.
On September 29, 1998, Rossi filed a motion for a more definite statement pursuant to Civ.R. 12(E). The trial court granted Rossi's motion on November 3, 1998. Pursuant to the trial court's ruling, Cross-Cireddu filed an amended complaint on November 24, 1998.
Cross-Cireddu amended paragraph three, four and five of her complaint to include the following allegation:
 3. * * * But without due regard to even having the divorce papers served, [Rossi] entered the next day, September 11, 1997 into conference with the opposing attorney, and his client, James A. Cireddu and with full legal understanding of the ramifications composed a written statement of agreement without any input from his own client, who was forced to sit in the hallway * * *.
 4. * * * the opposing attorney had the divorce papers served to [Cross-Cireddu] in the hallway in front of the accompanied witness.
 This was the first time [Cross-Cireddu] had seen that the husband was using his prior divorce papers to be served again against his [Cross-Cireddu]. [Cross-Cireddu's] attorney, David Rossi, did not have these document [sic] or knew anything about the case to proceed with such an important negotiation that excluded his own client from having any input.
 5. * * * [Rossi] exhibited passive indifference to someone's well being and, therefore, was negligent in following his professional accepted standards of practice. * * *
Additionally, Cross-Cireddu requested a jury trial. Cross-Cireddu also amended her request for relief to include the cost of hiring a new attorney. In his answer filed July 26, 1999, Rossi admitted Cross-Cireddu hired him to represent her in case #256295, and he received a retainer from her of $1,500 on September 10, 1997.[2] However, Rossi entered a general denial of the allegations contained in paragraphs three, four, and five of Cross-Cireddu's complaint.
On September 15, 1999, Rossi filed a motion for summary judgment. In his motion for summary judgment, Rossi indicated Cross-Cireddu based her malpractice claim on a domestic violence case filed by her husband. According to Rossi, the parties to that action reached an agreement, which stated in item one there is no finding of domestic violence. Additionally, Rossi indicated, in the instant malpractice case, Cross-Cireddu failed to comply with the trial court's order to obtain an expert witness on the issue of malpractice. Rossi attached a copy of a case management conference decree and order form, which stated:
 1. ALL DISCOVERY SHALL BE COMPLETED on or before 3/31/99 except as provided in Local Rule 21.1.
 2. EXPERT WITNESS REPORTS SHALL BE EXCHANGED in accordance with Local Rule 21.1 as follows:
 (a) Plaintiff shall submit expert report on the issue of malpractice on or before 3/31/99.
 (b) Defendant shall submit expert reports on the issue of malpractice on or before 5/31/99.
The form attached by Rossi did not contain a file stamp or signature of the trial judge. According to Rossi, the trial court made submission of this report an absolute requirement in order for Cross-Cireddu to proceed with her claim.
Rossi based his motion for summary judgment on Cross-Cireddu's failure to submit an expert witness report in support of her claim. Rossi argued that case law required Cross-Cireddu to present expert testimony at trial to establish a prima facie case of legal malpractice. On this basis, Rossi requested the trial court dismiss Cross-Cireddu's complaint with prejudice.
Cross-Cireddu responded to Rossi's motion for summary judgment on October 6, 1999. In her response, Cross-Cireddu stated [Cross-Cireddu] was involved in a Domestic Relations Case #256295 and subsequently Case #256174 [sic] hired Defendant, David J. Rossi, to represent her on September 10, 1997. Further, Cross-Cireddu noted only the opposing attorney and her husband signed the agreement in the domestic violence case referenced by Rossi. Regarding the need for an expert witness, Cross-Cireddu stated she would not require expert testimony to show Rossi [was] guilty of willful misrepresentation of a client and malpractice. Cross-Cireddu stated:
 This is a case were [sic] the contract between client and attorney is constructed in a very unconscionable manner. This is a case were [sic] the attorney did so little as to have the unfounded domestic violence accusation removed in exchange for his client to be ejected from her family residence and lose custody of her children.
Further, Cross-Cireddu maintained she met the requirement of demonstrating an attorney-client relationship and indicated she would demonstrate the causal relationship to damages claimed at trial. Cross-Cireddu requested the trial court deny Rossi's motion and set a new discovery and trial preparation period. Cross-Cireddu attached a copy of her fee agreement with Rossi, an agreed judgment entry form in domestic violence case, a copy of a summons she identified as belonging to her divorcee case, and an affidavit in which she reiterated her allegations against Rossi.
On October 9, 1999, the trial court entered its opinion and order granting Rossi's motion for summary judgment. In its opinion, the trial court found Cross-Cireddu's complaint essentially alleged Rossi failed to prepare a settlement agreement in a domestic violence case with her input. The trial court found the matters alleged by Cross-Cireddu involved complex issues of domestic relations and domestic violence law, and noted that it reclassified the case as complex litigation on September 20, 1999. Further, the trial court found the alleged act of malpractice, * * *, is not obvious and, therefore, plaintiff was required to produce expert testimony as to whether defendant did in fact fail to exercise the knowledge skill and ability ordinarily possessed and exercised by members of the legal profession similarly situated in order to support her claim of legal malpractice. The trial court concluded:
 Here, plaintiff has not produced any expert testimony in support of her claim of legal malpractice, despite this court's order to do so. Since plaintiff has not produced such expert testimony, she failed to rebut defendant's motion for summary judgment with specific facts and affidavits showing that a genuine issue of material fact does exist.
In accordance with its opinion, the trial court dismissed Cross-Cireddu's complaint with prejudice. It is from this order that Cross-Cireddu appeals.
We review the trial court's decision granting summary judgment de novo, in a light most favorable to the non-movant, Cross-Cireddu. See Baiko v. Mays (Apr. 13, 2000), Cuyahoga App. No. 74905, unreported, citing Smiddy v. The Wedding Party (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212, 215.
Before considering the merits of Cross-Cireddu's appeal, we note that her five assignments of error and the arguments in their support were often vague and ambiguous. However, we were able to glean the gravamen of Cross-Cireddu's complaint from her presentation at oral argument. Essentially, Cross-Cireddu attacks Rossi's conduct in negotiating a settlement in her case without her input. Cross-Cireddu argues Rossi's alleged breach of conduct is within the ordinary knowledge and experience of a layman. Therefore, Cross-Cireddu contends expert testimony was not required to establish a prima facie case of malpractice. We disagree.
To establish a prima facie case of legal malpractice based on negligent representation, a plaintiff must demonstrate (1) that the attorney owed a duty to the plaintiff; (2) that the attorney breached that duty; and (3) that a causal connection between the conduct complained of and the resulting damage exists. Vahila v. Hall (1997), 77 Ohio St.3d 421,674 N.E.2d 1164; Krahn v. Kinney (1989), 43 Ohio St.3d 103,538 N.E.2d 1058.
A plaintiff must produce expert testimony establishing the applicable standard of care in legal malpractice cases, unless the conduct complained of falls within the general experience and understanding of laymen. Freechack v. Drain (June 15, 2000), Cuyahoga App. No. 76280, unreported; Baiko. Where the complaint involves complex issues of domestic relations, this court has held that the plaintiff must produce expert testimony. Rice v. Johnson (August 26, 1993), Cuyahoga App. NO. 63648, unreported.
In the instant case, Cross-Cireddu challenged Rossi's conduct in negotiating a settlement in a domestic violence case which she felt could affect the outcome of a subsequent divorce action without her input. Like the trial court, we conclude this alleged act of malpractice is not obvious. Cross-Cireddu was required to produce expert testimony as to whether Rossi did in fact fail to exercise the knowledge skill and ability ordinarily possessed and exercised by similarly situated members of the legal profession in support of her claim. Cross-Cireddu failed to provide such expert testimony. We conclude, the trial court properly granted Rossi's motion for summary judgment. Accordingly, we overrule Cross-Cireddu's assignments of error.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ PATRICIA ANN BLACKMON, JUDGE
JOHN T. PATTON, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] See Appendix on page 11.
[2] This Court notes Rossi filed his answer out of rule and without first receiving the permission of the trial court. However, Cross-Cireddu did not raise this issue with the trial court nor does she raise it on appeal.
 APPENDIX ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST. TRIAL BY JURY SHOULD HAVE BEEN GRANTED. CIVIL RULE 56C.
 II. THE EVIDENCE SHOULD BE CONSTRUED MOST STRONGLY IN A MOTION FOR SUMMARY JUDGMENT TO NON-MOVING PARTY. (CASE CITED Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.) THE RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT WAS RESPONDED BY AFFIDAVITS AND EXHIBITS ESTABLISHING AN ATTORNEY-CLIENT CONTRACT EXISTED; A NEGOTIATED AGREED JUDGMENT ENTRY DATED 9/11/97 WAS NEVER SIGNED BY THE DEFENDANT (CLIENT) NOR THE ATTORNEY (ROSSI) DUE TO THE OBJECTIONABLE CONTENT AND SUMMONS FOR A DIVORCE CASE 256174 WAS ISSUED 9/11/97 THAT VERY DAY WITHOUT CASE PREPARATION FOR THE 97-DV-256174 THAT HE NEGOTIATED WITH THE OPPOSING PARTY AND OPPOSING ATTORNEY.
 III. THE JUDGE REFERS TO DOCUMENT OCT. 6, 1997 Vol 3073pg 0732 AS UNDISPUTED FACTS THAT THE DV WAS DISMISSED. BUT THIS WAS NOT DONE BY DAVID ROSSI, WHO WAS CLIENT'S ATTORNEY TWO DAYS, September 10 and 11, 1999. Mr. Flaviano Rosati was the attorney on Oct 1, 1997. THUS, THIS SHOWS FURTHER BIAS ON THE PART OF THE JUDGE IN EXTRAPOLATING TERMS OF THE AGREEMENT THAT DAVID ROSSI DID NOT ACCOMPLISH, BUT INSTEAD CAUSED A NEED TO HIRE A NEW ATTORNEY. JUDGE, BURT W. GRIFFIN, USED THE COURT COMPUTER SYSTEM TO DETERMINE AN EFFECT ON AN IN-COURT AGREEMENT DISMISSING A BOGUS DV ON OCTOBER 1, 1997 (JE10/6/97)NOT RELATED TO THE MALPRACTICE OF THE DEFENDANT ON 9/11/97. THE INTERVENING EVENTS FROM SEPTEMBER 11, 1997 THROUGH OCTOBER 1, 1997 ARE ISSUES THAT WILL BE ABDUCED [sic] DURING TRIAL THAT WILL SHOW THE NATURE OF THE LEGAL MALPRACTICE THAT THIS ATTORNEY HAD IN CREATING SUBSEQUENT DAMAGES IN THIS CASE.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEES' [sic] MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO APPELLEE'S CONDUCT FALLING BELOW THE STANDARD OF CARE. AND THIS WAS ESTABLISHED BY:
 1)AFFIDAVIT, 2)CONTRACT, 3)JOURNAL ENTRY, AND 4)SUMMONS FOR DIVORCE COMPLAINT SERVED 9/11/97. EXPERT WITNESS IS NOT NECESSARY WHEN A LAY PERSON COULD DETERMINE DISREGARD FOR THE CLIENT'S LEGAL POSITION COULD HAVE BEEN EMOTIONALLYAND FINANCIALLY DEVASTATING. (CIVIL RULE 55A AND 56C)
 V. BY NOT SIGNING THE CASE MANAGEMENT HEARING DOCUMENTATION DID NOT MEET HIS RESPONSIBILITY TO HAVE A DECREE IN PLACE. THUS, HE DIDN'T COMPLY WITH RULES OF THE COURT. (CIV R 55A)